United States District Court
Middle District of Florida
Jacksonville Division

**H. K. EDGERTON ET AL.,**

*Plaintiffs,*

v.  NO. 3:20-cv-941-BJD-PDB

**CITY OF ST. AUGUSTINE, FLORIDA,**

*Defendant.*

# Order

The plaintiffs sue the defendant to contest the removal of a cenotaph from a public plaza. Doc. 1. The defendant moves to dismiss the complaint for lack of standing and failure to state a claim. Doc. 15. The plaintiffs move to strike the motion to dismiss as untimely. Doc. 19. The defendant opposes the motion to strike. Docs. 20–20-7. This order resolves only the motion to strike.

On August 19, 2020, the plaintiffs filed a complaint, Doc. 1, and nine days later filed an amended complaint, Doc. 10. On September 3, 2020, the plaintiffs served the defendant with process, Doc. 14 at 2, making September 24, 2020, the deadline to respond to the amended complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

On that deadline, the defendant moved for an eight-day extension of the deadline—to Friday, October 2, 2020—because the defendant wanted more time to brief recent case law on monument-removals and because the

defendant's counsel had an "extremely heavy" work load due to the upcoming election and voting-rights cases. Doc. 14 at 2. The defendant's counsel stated,

> Pursuant to Local Rule 3.01(g) the undersigned emailed opposing counsel for his position on this extension request earlier today. As of the time of filing this motion [the plaintiffs' counsel] has not responded to the email. An attempt was also made to call [him] at his phone number listed on pleadings and on the Florida Bar's website, but that number was out of service.

Doc. 14 at 2.[1] The defendant contended no prejudice would result from the extension and would help the Court by permitting the defendant's counsel to prepare a more thorough response "in this unique matter." Doc. 14 at 2–3.

On Sunday, October 4, 2020—before a ruling on the motion to extend the deadline and after the requested October 2 deadline—the defendant moved to dismiss the complaint. Doc. 15. The next day, the Court entered this order:

> ENDORSED ORDER denying as moot and without prejudice [14] the defendant's motion for an extension of time to respond to the complaint for failure to respond by the requested date [filed on October 4 instead of October 2] and failure to provide an update under Local Rule 3.01(g).

---

[1]When the defendant filed the motion for an extension of the deadline, Local Rule 3.01(g) stated:

> A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

Local Rule 3.01(g) (pre-February 1, 2021).

Effective February 1, 2021, the Court updated the Local Rules, including Local Rule 3.01(g), which now requires more specific efforts on supplementation. *See* Local Rule 3.01(g)(3) (requiring the movant to diligently try to contact opposing counsel for three days). Both the plaintiffs and the defendant reference duties or sanctions under the updated Local Rule 3.01(g) that did not apply to counsels' actions in September and October 2020. *See* Doc. 19 at 3, 4; Doc. 20 at 6, 7.

> See Local Rule 3.01(g) ("A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.")

Doc. 16.

On October 9, 2021, the defendant responded:

> After failing to reach [the plaintiffs' counsel] via phone or leave a message, the undersigned followed up with a September 24, 2020 email notifying him of the phone problems. …
>
> The undersigned never received a response from [the plaintiffs' counsel] to her email relating to the extension request. Nor did she receive a response to her September 24, 2020 email advising [him] that his office phone was not working. Concededly, no further attempts were made to contact [the plaintiffs' counsel] until October 5 when the Court issued its order.
>
> On October 5, following receipt of the Court's order, the undersigned called a colleague to locate a cell phone number for [the plaintiffs' counsel], but also tried to call his office on that day. The office staff answered the phone and the undersigned explained the phone issue from her attempt to call [his] office on September 24, 2020 and asked to speak with [him], [and he] was not available. A message was left asking [him] to return the call and a follow up email was sent. … The attorneys have not yet spoken. [His] office replied to the undersigned's email verifying that their office is receiving the emails.

Doc. 17 at 1–3; *see also* Doc. 17 at 6–11 (copies of emails).

An email sent on October 5, 2020, states:

> Our firm represents the [defendant] in this matter. Last night we filed a Motion to Dismiss the Amended Complaint. We write to confirm that you are receiving our emails. If so, please reply. On September 24, 2020, we had attempted to contact you for your position on our motion for extra time to file our Client's Motion to Dismiss the Amended Complaint. …

3

> We never heard back from you in response to our email. The extension matter appears moot at this point, but the [Magistrate Judge] reminded me that we needed to continue trying to reach you.

Doc. 17 at 10.

Nothing more was filed until February 5, 2021, when the Court entered an order directing the plaintiffs to respond to the motion to dismiss by February 16, 2021. Doc. 18. The plaintiffs filed the motion to strike. Doc. 19.

Citing Federal Rule of Civil Procedure 12(f), the plaintiffs contend the motion to dismiss is untimely because the defendant moved to dismiss after the original deadline had passed and the Court denied the motion to extend the deadline. Doc. 19. They "ask that the City be held to the same procedural rules as Plaintiffs." Doc. 19 at 2. They observe the Court has not vacated the October 5 order denying the motion for an extension of the deadline and emphasize the defendant has "failed to address why the Motion to Dismiss was filed after the requested extension and admitted that it did indeed fail to comply with Rule 3.01(g)." Doc. 19 at 4. They continue, "The [defendant] also admitted the extension matter appeared to be moot in its email to on October 5[.]" Doc. 19 at 4 n.1.

The plaintiffs contend any answer or motion to dismiss had to have been filed by the original due date, September 24. Doc. 19 at 5. They add, "Even if the request for an extension had somehow been impliedly granted … the City still failed to file the Motion to Dismiss within the 8-day extension it requested." Doc. 19 at 5.

The defendant responds by repeating the facts about their counsel's futile attempts to contact the plaintiffs' counsel, adding that counsel searched dockets in other cases involving the plaintiffs' counsel to find lawyers who may

know a better way to contact him. Doc. 20 at 2–5. According to the defendant, the plaintiffs' counsel first contacted the defendant's counsel in 2021, after the Court had directed the plaintiffs to respond to the motion to dismiss. Doc. 20 at 4.

The defendant argues Rule 12(f) is inapplicable because the motion to dismiss is not a pleading and any motion to strike is untimely. Doc. 20 at 5. The defendant contends that had the plaintiffs believed the motion to dismiss was untimely, the plaintiffs should have moved for default before February 2021. Doc. 20 at 5–6. The defendant contends granting the motion to strike would "reward" the failure to comply in good faith with Local Rule 3.01(g), emphasizing for comparison that its counsel responded "immediately" when the plaintiffs' counsel contacted her for the first time in February 2021. Doc. 20 at 6–7.

On April 19, 2021, the undersigned conducted a brief telephone conference to discuss the status of the case. Doc. 22. The plaintiffs' counsel acknowledged that standing implicates subject-matter jurisdiction but maintained the motion to dismiss is untimely and the Court should order the defendant to answer the amended complaint. He stated he would need twenty or thirty days to substantively respond to the motion to dismiss if the Court denies the motion to strike. The defendant's counsel had no opposition to that number of days.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "pleading" is a complaint; a third-party complaint; or an answer to a complaint, a counterclaim, a crossclaim, or third-party complaint; and, if ordered, a reply to an answer. Fed. R. Civ. P. 7(a).

Standing is a threshold jurisdictional question that must be addressed sua sponte if not raised by the parties. *Jones v. Comm'r Ga. Dep't of Corrs.*, 811 F.3d 1288, 1295 (11th Cir. 2016); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although the defendant originally provided good cause for an extension, the defendant has ever addressed why it moved to dismiss on October 4 instead of by the requested deadline of October 2.

Still, denial of the motion to strike is warranted for at least one reason: Rule 12(f) does not apply because the motion to dismiss is not a pleading. The correct procedure would have been to respond to the motion to dismiss by arguing it is untimely and, if warranted, it also fails on the merits. In any event, even if the Court could exercise inherent authority to strike the motion to dismiss, the Court would decline to do so because the delay was brief, the interests of justice favor decisions on the merits, the plaintiffs' counsel was unresponsive to attempts to communicate, the threshold issue of standing must be addressed sooner rather than later, and robust briefing on issues of law that could dispose of the case early benefits the parties, the public, and the Court.

The Court **denies** the motion to strike the motion to dismiss, Doc. 19, will consider the motion to dismiss on the merits, Doc. 15, and will require the plaintiffs to substantively respond to the motion to dismiss. *See* Doc. 21 (construing the motion to strike as the response to the motion to dismiss).

By **May 27, 2021**, the plaintiffs must substantively respond to the motion to dismiss. The response must be no longer than twenty-five pages, including all parts. By **June 10, 2021**, the defendant may reply to the response. Any reply must be no longer than five pages, including all parts.

To maintain membership in the Court's bar, the plaintiffs' counsel must provide the clerk with a current telephone number, mailing address, and email address if the information on file is no longer current. *See* Local Rule 2.01(b)(2)(B). Counsel for both sides must respond promptly to counsel communications. *See* Middle District Discovery § I.A.2 ("The term 'confer' in Rule 3.01(g) means a substantive discussion. Counsel must respond promptly to inquiries and communication from opposing counsel.").

The Court **directs** the clerk to add to the title of the case on the docket an omitted plaintiff, Wade Ross.

**Ordered** in Jacksonville, Florida, on May 5, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*